IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THOMAS A. ALLEN, III                                                                              PLAINTIFF

v.                                    Civil No. 1:17-cv-01046

LIEUTENANT SCOOTER BASS;
DEPUTY ARON GALBRAITH; and
CAPTAIN RICHARD MITCHAM                                                                    DEFENDANTS

# ORDER

Before the Court is Plaintiff Thomas A. Allen, III's failure to obey a court order. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on July 20, 2017. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 3).

The Order granting IFP informed Plaintiff that failure to inform the Court of an address change may result in the dismissal of this case. On October 6, 2017, mail sent to Plaintiff was returned as undeliverable. (ECF No. 22). On November 6, 2017, counsel for Defendants filed a Notice of Returned Mail (ECF No. 25) stating mail sent to Plaintiff at his address of record had been returned as undeliverable. In the Notice, counsel for Defendants indicated that they conducted a search of the Arkansas Department of Correction's website revealing that Plaintiff is not incarcerated in the ADC. Plaintiff's last communication with the Court was on September 26, 2017, when he filed a Supplement to his Complaint. (ECF No. 17).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to

monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to keep the Court informed of his address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 20th day of November, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge